UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RANDY A. MCDANIEL, Plaintiff, v. STATE OF NEVADA, *et al.*, Defendants. | Case No. 3:26-cv-00332-MMD-CSD ORDER |

## I. SUMMARY

Plaintiff Randy A. McDaniel brings this civil rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated in the custody of the Nevada Department of Corrections. (ECF No. 1-1.) On May 13, 2026, the Court ordered McDaniel to either pay the full $405 filing fee or file an application to proceed *in forma pauperis* ("IFP") by June 12, 2026. (ECF No. 4.) Rather than use the form the Court sent, Plaintiff filed an incomplete application to proceed IFP using an old form. (ECF No. 5.) However, in light of Plaintiff's attempt to comply with the Court's order, the Court extended the deadline for him to file a complete application to proceed IFP until July 24, 2026. (ECF No. 6.) The Court warned McDaniel that the action could be dismissed if he failed to timely comply. (*Id.* at 1.) That deadline expired, and McDaniel did not pay the filing fee, apply for IFP status, or otherwise respond.

## II. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or

comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of McDaniel's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until McDaniel addresses the matter of the filing fee, the only alternative is to enter a third order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a

meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## III. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on McDaniel's failure to address the matter of the filing fee in compliance with this Court's May 13, 2026, and June 24, 2026, orders. The Clerk of Court is directed to enter judgment accordingly and close this case. If McDaniel wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or apply to proceed IFP.

It is further ordered that McDaniel's incomplete application to proceed IFP (ECF No. 5) is denied.

It is further ordered that McDaniel's motions for leave to file his complaint (ECF Nos. 1-2, 3) are denied as moot.

DATED THIS 4th Day of August 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE